FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2015 OCT 26 AM 10: 43

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

**DAVID DIXON,**

**Plaintiff,**

**CASE NO.:** 3:15-cv-1277-J-34MCR

**vs.**

**SYNDICATED OFFICE SYSTEMS, LLC,**

**Defendant.**

______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, DAVID DIXON [hereinafter Plaintiff] by and through undersigned counsel, and sues Defendant, SYNDICATED OFFICE SYSTEMS, LLC, [hereinafter Defendant], and alleges:

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 US.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), Florida Consumer Collection Practices Act ("FCCPA") and violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. 227 by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in that the Plaintiff resides in Duval County, Florida and the Defendant conducts business in Duval County, Florida.

## PARTIES

4. Plaintiff is a natural person who resides in Duval County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant is a collection agency doing business in Duval County, Florida and is at all times mentioned in this complaint, a "collector" as defined by 15 U.S.C. §1692a(6).

## FACTS COMMON TO ALL COUNTS

6. Plaintiff allegedly incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat. That debt was later assigned to the Defendant for the purpose of collection.

7. For several years, the Defendant has been attempting to collect debts against the Plaintiff via telephone and U.S. Mail.

8. The Plaintiff, David Dixon, is not the correct target of the Defendant's collection activity. The Defendant is seeking to collect from "David I. Dixon." The Plaintiff does not have a middle initial "I" and does not owe the debts in question.

9. On numerous occasions the Defendant had been placed on actual notice that it was calling and collecting from the wrong person and that the Plaintiff has never owed a debt to the Defendant or its client. On numerous occasions, Plaintiff explained that his middle initial was not "I" and provided his social security number and date of birth to prove the Defendant was collecting against the wrong individual.

10. Despite the repeated notices from the Plaintiff and its' actual knowledge that his identifying information did not match the alleged debtors, the Defendant has persisted in dunning the Plaintiff.

11. As recently as September 23, 2015, the Plaintiff was sent a collection letter regarding a medical bill for Coastal Carolina Medical Center with a date of service of 09/25/2014 – 09/26/2014. ***See Exhibit A***. The Plaintiff lives in Florida and was not in North or South Carolina on the dates in question.

12. The above-detailed conduct by the Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and FCCPA, including but not limited to, all of the above mentioned provisions of the FDCPA and FCCPA and resulted in actual damages to this Plaintiff.

13. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused him unnecessary personal strain in his relationship with his family members.

14. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

**COUNT ONE:**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. The Defendant is a debt collector as defined by the Fair Debt Collection Practices Act (FDCPA). § 15 U.S.C 1692 803(6). The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of

which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. § 1692d, (Any conduct the natural consequence of which is to harass, oppress, or abuse any person); 15 U.S.C. § 1692e, (Any false, deceptive, or misleading representation or means in connection with the debt collection); 15 U.S.C. § 1692b(1) (Contact of Third Party: failed to identify themselves, or failed to state that collector is confirming or correcting location information); § 1692b(2) (Contact of Third Party: Stated that the consumer owes any debt); and § 1692b(3) (Contact of Third Parties: Contacted a person more than once, unless requested to do so.)

17. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**COUNT TWO: VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein. This is an action for damages for violation of the "Florida Consumer Collection Practices Act." (Fla. Stat. §§ 559.55 to 559.785).

18. By repeatedly and abusively contacting the Plaintiff to collect a debt that he did not owe the Defendant has violated the following paragraphs of the FCCPA:

a. …, or willfully engage in other conduct which can reasonably be expected to

abuse or harass the debtor or any member of her or his family; Fla. Stat. § 559.72(7);

b. Claim, attempt or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist. Fla. Stat. §559.72(9);

19. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Fla. Stat. §559.77 including, but not limited to, emotional distress and fear, embarrassment, damage to his reputation and credit worthiness, and other damages. These damages have been incurred and will continue to be incurred in the future.

20. Plaintiff has retained the undersigned attorney for the purposes of pursing this matter against Defendant and is obligated to pay said attorney a reasonable fee for his services. The Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2), provides for an award of attorney's fees should Plaintiff prevail in this matter.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, injunctive relief, punitive damages, attorney's fees, costs, interests, and such other relief as this Court deems just and equitable.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 23rd day of October, 2015.

**MAX HUNTER STORY, P.A.**

Max Story, Esquire
Florida Bar No. 0527238

328 2ND Avenue North
Jacksonville Beach, Florida 32250
Telephone: (904) 372-4109
Fax: (904) 758-5333
max@storylawgroup.com
Attorney for Plaintiff